UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DREW E. BURBRIDGE and <br> JENNIFER L. BURBRIDGE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ST. LOUIS, MISSOURI, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:17CV2482 RLW <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Consolidate Discovery. (ECF No. 52) The motion is fully briefed and ready for disposition. Upon review of the motion, responses in opposition by Plaintiffs Drew and Jennifer Burbridge ("the Burbridges") and Movants, and reply brief from the Defendants, the Court finds that consolidation of discovery is not warranted in this case.

## Background

This case stems from public protests following the not guilty verdict in the First Degree Murder trial of Jason Stockley ("Stockley Verdict") in the City of St. Louis, Missouri. (Second Am. Compl., ECF No. 47) The Burbridges are documentary filmmakers who came to St. Louis on September 17, 2017 to document the ongoing protests. (*Id.* at ¶ 4) The Burbridges allege that during the photographing, recording, and filming of the protestors and police, police officers kettled[1] the assembled protestors, bystanders, and media, including the Burbridges, and deployed

---

[1] According to the Burbridges' Complaint, the term "kettling" refers to encircling an assembly without providing a means of egress. (Second Am. Compl. ¶ 32)

chemical agents. (*Id.* at ¶¶ 28-38) The Burbridges further aver that certain police officers assaulted Plaintiff Drew Burbridge and took both Burbridges into custody. (*Id.* at ¶¶ 41-71)

On September 26, 2017, the Burbridges filed a Complaint against the City of St. Louis, Missouri and several John Doe officers in their individual and official capacities ("*Burbridge* case"). (ECF No. 1) The Burbridges filed two amended complaints, naming two of four officers whose identities were revealed through the course of discovery. (ECF Nos. 29, 47) The Burbridges now represent to the Court that they have identified all of the John Doe defendants and seek to file a third amended complaint. (ECF No. 65)

The counts alleged against Defendants in the Burbridges' Second Amended Complaint include violation of the Burbridges' rights to freedom of speech and freedom of press (Count I); First Amendment retaliation (Count II); Fourth Amendment violation for unlawful search and seizure and use of excessive force (Count III); Fourteenth Amendment violation of the Burbridges' right to procedural due process (Count IV); assault and battery (Counts V and VI); false imprisonment (Counts VII and VIII); failure to instruct, train, supervise, control and/or discipline (Count IX); malicious false prosecution (Count X); and conspiracy to deprive civil rights (Count XI). (ECF No. 47)

In addition to the Burbridges' cause of action, 22 other lawsuits pertaining to the Stockley Verdict and related protests have been filed in federal court. On January 3, 2019, Defendants filed a motion to consolidate the discovery in the *Burbridge* case with discovery in those other pending cases. (ECF No. 52)

**Standard of Review**

Rule 42(a) of the Federal Rules of civil Procedure governs consolidation of cases and provides: "[i]f actions before the court involve common questions of law or fact, the court may

join for hearing or trial any or all maters at issue in the actions; consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). A district court has broad discretion in determining whether to order consolidation. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). "The threshold issue is whether the proceedings involve a common party and common issues of fact or law. . . . The mere existence of common issues, however, does not mandate that the cases be joined." *A.O.A. v. Doe Run Res. Corp.,* No. 4:11 CV 44 CDP, 2016 WL 1182631, at *2 (E.D. Mo. Mar. 28, 2016) (internal citation omitted). The purpose of consolidation is to promote convenience and economy in the administration of actions. *Saettele*, 21 F.3d at 235 (citation omitted). However, consolidation is not appropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. *E.E.O.C. v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir. 1998).

## Discussion

Defendants maintain that consolidation of discovery in the cases involving the 2107 protests after the Stockley Verdict is appropriate because the Burbridges have alleged claims that are virtually identical to the claims asserted by the plaintiffs in the other cases. Defendants further aver that discovery will require duplication in all the pending cases, at least with respect to claims of custom and policy of the St. Louis City police. The Defendants acknowledge that they have filed motions to dismiss in the other pending actions. Defendants also admit that the present cause of action by the Burbridges is more advanced than the other cases and that not all claims arise out of the same incident. Defendants argue, however, that because the cases overlap with respect to legal and factual issues, the Court should order consolidation of discovery to ensure coordination and efficiency.

The Burbridges and third-party movants Alex Nelson and Iris Nelson and Michael Faulk[2] respond that, while all 23 cases occurred within the same timeframe and stem from the same events, the specific dates and individual circumstances are different. The Burbridges further contend that consolidation would create unnecessary delay in their case, which has been ongoing for over a year, and would cause a burden on counsel for the Burbridges, who does not represent any of the other plaintiffs. The Burbridges' counsel, however, has expressed a willingness to accommodate the Defendants on key shared witness depositions related to "pattern and practice" which could be accomplished through mutual agreement as opposed to an order of consolidation. The attorneys representing the movants have also expressed such willingness to meet and confer regarding shared depositions.

While the Court understands Defendants position as a party to all 23 cases, the Court notes that the present case is much further along than the other cases. The parties have engaged in written discovery and have participated in ADR once, with a second referral to ADR scheduled in 2 months. The Burbridges have identified the officers involved and are ready to begin taking depositions. Conversely, the other pending cases do not have Case Management Orders in place, and they contain pending motions to dismiss and/or are awaiting responses to the amended complaints. In light of the wide variance of procedural stages between the *Burbridge* case and the other pending cases, the Court finds that consolidation is inappropriate. *See, e.g., A.O.A. v. Doe Run Res. Corp.*, 2016 WL 1182631, at *2 (finding consolidation would be inefficient and inconvenient where the parties were at different procedural stages and the newer cases had not begun even initial discovery); *Northstar Marine, Inc. v. Huffman*, Nos. 13-0037-WS-C, 14-0205-KD-M, 2014 WL 4167019, at *3 (S.D. Ala. Aug. 21, 2014) (finding

---

[2] Movants are the plaintiffs in *Nelson, et al. v. City of St. Louis, et al.*, 4:18CV1561 JCH, and *Faulk v. City of St. Louis, et al.*, and have different counsel than the Burbridges.

4

consolidation would cause undue delay in adjudication of the older action where the new case had not begun discovery and the parties and court would be forced to wait for the newer action to catch up); *Conley v. Stryker Corp.,* No. 11-3287-CV-S-ODS, 2011 WL 6888561, at *1 (W.D. Mo. Dec. 28, 2011) (holding that consolidation would be inefficient and inconvenient because the cases were at widely varying procedural stages); *Fin-Ag, Inc. v. NAU Country Ins. Co.,* No. CIV. 08-4141-KES, 2009 WL 44479, at *3 (D.S.D. Jan. 6, 2009) ("Because the cases are at much different stages of preparation and litigation, consolidation would cause further delay and, thus, is not appropriate."). Although the cases related to the Stockley Verdict do not warrant consolidation, the Court is confident that the parties in all of the cases will be able to work together in good faith and allow discovery to carry over to avoid redundancy.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Consolidate Discovery (ECF No. 52) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall docket this Memorandum and Order in the following cases:

4:18CV308 JCH, *Faulk v. City of St. Louis, et al.*;

4:18CV1561 JCH, *Nelson, et al. v. City of St. Louis, et al.*;

4:18CV1564 RWS, *Baude v. City of St. Louis, et al.*;

4:18CV1565 JCH, *Dreith v. City of St. Louis, et al.*;

4:18CV1566 JAR, *Thomas v. City of St. Louis, et al.*;

4:18CV1567 AGF, *Laird, et al. v. City of St. Louis, et al.*;

4:18CV1568 RLW, *Rose v. City of St. Louis, et al.*;

4:18CV1569 AGF, *Alston v. City of St. Louis, et al.*;

4:18CV1570 JAR, *Robertson v. City of St. Louis, et al.*;

4:18CV1571 JCH, *Gullett v. City of St. Louis, et al.*;

4:18CV1572 HEA, *Newbold v. City of St. Louis, et al.*;

4:18CV1574 HEA, *Davis v. City of St. Louis, et al.*;

4:18CV1575 CDP, *Laney v. City of St. Louis, et al.*;

4:18CV1576 DDN, *Ortega v. City of St. Louis, et al.*;

4:18CV1577 JAR, *Zeigler v. City of St. Louis, et al.*;

4:18CV1629 JCH, *Green v. City of St. Louis, et al.*;

4:18CV1674 JCH, *Brandy v. City of St. Louis, et al.*;

4:18CV1676 JMB, *Brown v. City of St. Louis, et al.*;

4:18CV1677 CAS, *Aldridge v. City of St. Louis, et al.*;

4:18CV1678 JCH, *Gray v. City of St. Louis, et al.*;

4:18CV1679 JCH, *Kennedy v. City of St. Louis, et al.*;

4:18CV1680 AGF, *DeMian v. City of St. Louis, et al.*

Dated this 20th day of February, 2019.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**