UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEX NELSON, et ux., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:18-cv-1561-JCH |
| | ) |
| CITY OF ST. LOUIS, etc., et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO RENEWED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiffs have filed another motion for leave to file a third amended complaint. [ECF 113, 113-1.] Defendants respectfully urge the Court to deny the motion, in light of the defendants' prior memorandum in opposition to the previous motion [ECF 101], as well as the following.

Plaintiffs' renewed motion proffers a third amended complaint that is slightly revised from the proposed third amended complaint that was filed previously. [Compare ECF 113-1 with 94-1.] Defendants submit that the latest iteration of the third amended complaint suffers from the same defects as the earlier version, and so leave to amend should be denied for the reasons previously adduced, and the Court should proceed to ruling on defendants' motion for judgment on the pleadings. [ECF 77.]

Without wishing to indulge in duplicative arguments, defendants must particularly object that plaintiffs' novel theory of supervisory liability on the basis of "failure to intervene," as pleaded in count XIII of the proposed amended complaint, is wholly insufficient to warrant impleading scores of supervisory police officers in this case. Plaintiffs can and do allege specific, concrete claims against the officers who actually had direct contact with them [ECF 38,

¶¶16-17; see also ECF 113-1, ¶¶18-21, 158, 163], but allege no prior incident of a mass arrest in St. Louis history or any facts showing awareness of any of the named supervisors (other than Sergeant Lankford) of use of force on either plaintiff individually, or any opportunity of any supervisor to intervene, instead seeking to implead supervisory officers in defiance of clear holdings of the Supreme Court and of the Eighth Circuit.  See *Wood v. Moss,* 572 U.S. 744, 764 (2014)(". . . individual government officials "cannot be held liable" in a *Bivens* suit "unless they themselves acted [unconstitutionally]." . . . We therefore decline to infer from alleged instances of misconduct on the part of particular agents an unwritten policy of the Secret Service to suppress disfavored expression, and then to attribute that supposed policy to all field-level operatives"); *Hollingsworth v. City of St. Ann,* 800 F.3d 985 (8th Cir. 2015); cf. *McManemy v. Tierney,* 970 F.3d 1034 (8th Cir. 2020)(failure to intervene requires showing of knowledge that excessive force would be or was being used on the plaintiff).  It is plaintiffs' obligation to plausibly plead facts that support individual liability of specific officers.  See *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005)(Pre-*Iqbal*: "Doe's failure to articulate specific factual allegations tied to specific Defendants, well into discovery, was more than a technical pleading deficiency, it denied the Defendants the protection of qualified immunity which is meant to provide both *immunity from suit* as well as an affirmative defense in response to a suit.")

Finally, with regard to the theory of state law liability of the acting police commissioner and the acting director of public safety (Lt.Col. O'Toole and Ms. Deeken), see ECF 113-1, Count XI, defendants would call the Court's attention to 28 U.S.C. §1367(c)(1)&(4).[1]  Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's

---

[1] (1) the claim raises a novel or complex issue of State law,
* * *
 (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

supplemental state law claims.  Hence, if any of these factors is satisfied, the district court possesses the discretion to dismiss supplemental claims and must weigh, at every stage of the litigation, whether to dismiss the supplemental claims. Actually determining whether to dismiss the claims calls for the court to weigh the "host of factors" outlined by the Supreme Court: "judicial economy, convenience, fairness, and comity."  See *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997); *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 531-32 (11th Cir. 2015); cf. *Marianist Province of the United States v. City of Kirkwood*, 944 F.3d 996 (8th Cir. 2019)(noting strong comity interests in declining to undertake to address state law questions in the absence of state judicial authority).

In the case at bar, plaintiffs' City Charter theory is the only basis of vicarious liability alleged against defendants O'Toole and Deeken.  The City Charter provision has been in force for more than 100 years, but it has *never* been the subject of interpretation by the state courts. Given that the crux of plaintiffs' claims is the claimed federal constitutional violations, the only interest warranting exercise of supplemental jurisdiction over this claim is that of convenience. Convenience, however, does not trump the comity interests involved, and judicial economy is not served by injecting the plaintiffs' novel state law theory either.

## Conclusion

Defendants respectfully submit that the motions for leave to amend [ECF 94, 113] should be denied, without prejudice to submitting a complaint that is focused on the defendants who are claimed to have actually mistreated either plaintiff, or to have actually been in a position to know

3

of and intervene to prevent any alleged mistreatment,[2] and that the Court otherwise rule on defendants' prior motion for judgment on the pleadings. [ECF 77.]

Respectfully submitted,
MICHAEL A GARVIN
CITY COUNSELOR
/s/ Robert H. Dierker
Robert H. Dierker 23671(MO)
Deputy City Counselor
dierkerr@stlouis-mo.gov
Brandon Laird 65564(MO)
Abby Duncan 67766(MO)
Associate City Counselors
Amy Raimondo 71291(MO)
Assistant City Counselor
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-3361
Fax 314-622-4956
ATTORNEYS FOR DEFENDANTS

---

[2] Defendants do not concede that plaintiffs have a meritorious claim against any defendants, but merely observe that leave to amend to assert specific claims against those defendants would appear to be within the Court's discretion.  Defendants are not to be understood to be waiving or withdrawing any argument advanced in their motion for judgment on the pleadings.