UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEX NELSON, et ux., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:18-cv-1561 JCH |
| ) | |
| CITY OF ST. LOUIS, etc., et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Plaintiffs have, of course, opposed the individual defendant officers' motion to dismiss the third amended complaint. See ECF 117, 121, 127. Defendants are obliged to reply.

**1. This Court can properly consider the exhibits previously proffered by plaintiffs' earlier complaints, as they are part of the record herein and should be part of the plausibility analysis required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).**

Plaintiffs argue that the Court should turn a blind eye to the exhibits injected into the record by plaintiffs, particularly the extensive portions of the record in the *Ahmad* case. Plaintiffs cite to *Jones v. City of Cincinnati,* 521 F.3d 555 (6th Cir. 2008). That case was decided before *Iqbal*. Defendants' position, quite simply, is that, in assessing whether plaintiffs' latest amended complaint states a claim negating qualified immunity depends on whether it has facial plausibility. In making that determination, this Court can consider alternative explanations for alleged conduct, and, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

Surely the plausibility determination compels this Court to consider the entire record in assessing plaintiffs' amended complaint.  That record includes the exhibits heretofore proffered by plaintiffs.

**2.      The effort to implead dozens of supervisory officers who admittedly had absolutely no contact with plaintiffs and cannot be alleged to have been aware of plaintiffs' arrest or of any unconstitutional mistreatment of plaintiffs must fail.**

Defendants will not rehash their arguments concerning plaintiffs' inadequate and implausible attempt to impose liability on some 50 supervisory officers who were at Tucker and Washington on September 17, 2017, when plaintiffs were arrested.[1]  Instead, defendants call to the Court's attention the opinion in *Street v. O'Toole*, No. 4:19 CV 2590 CDP, 2021 U.S. Dist. LEXIS 31856 (E.D. Mo. Feb. 22, 2021).  In that case, the Court (Perry, J.) recognized that a plaintiff may not implead scores of police officers on a theory of guilt by association, supported only by threadbare and formulaic allegations of violations of constitutional rights.  While defendants take issue with portions of the opinion in *Street*, there can be little doubt that the dismissal of the officers who had no personal role in either the decision to arrest the crowd of which plaintiffs were a part or in direct use of force on any individual plaintiff arrestee, was

---

[1] Plaintiffs have alleged that defendants Kiphart and Burle individually sprayed them, ECF 106, ¶156, that defendant Walsh handcuffed plaintiff Iris Nelson, ¶158, that defendant "Harris" "sadistically" twisted her arms, ¶159, that defendants Rachas, Burton, Lankford, and Walsh dragged plaintiff Alex Nelson, ¶163, and that defendants Rachas, Burton, Lankford, Walsh, Christ and Witcik knelt on Alex and "painfully" handcuffed ("zip-tied") him, ¶164.  See also ¶¶281-84.  Apparently defendant Davis used excessive force in helping wash pepper spray off Alex's face.  ¶167.  Obviously, these allegations allege direct personal involvement of these defendants with plaintiffs' arrest.  However, the allegation that seven officers simultaneously knelt on and handcuffed Alex is far from plausible.  More importantly, neither kneeling on an arrestee, nor handcuffing, nor dragging him is so plainly violative of constitutional rights that these defendants are not entitled to qualified immunity.  *Shelton v. Stevens,* 964 F.3d 747 (8th Cir. 2020).

2

eminently sound and should be adhered to by this Court.[2]  In this respect, *Street* is entirely consistent with *Quraishi v. St. Charles County,* 986 F.3d 831 (8th Cir. 2021):  a plaintiff must prove that each individual officer, by his own individual actions, has violated the Constitution, citing *Iqbal.*

Even assuming the plaintiffs' arrest was unlawful, the *de minimis* use of force against him does not afford an independent basis to recover damages against any defendant.  Contrary to plaintiffs' argument, the excessiveness of force used in an arrest does not turn on whether the arrest was without probable cause or arguable probable cause.  In other words, use of force on an arrestee whose arrest is unlawful is not *per se* excessive force.  See *Habiger v. City of Fargo*, 80 F.3d 289, 298 & n. 8 (8th Cir. 1996)(per White, J.).  Certainly handcuffing, without significant injury, is not excessive force as a matter of law, regardless of the legality of the arrest.  So aside from other defects, plaintiffs' latest amended complaint founders insofar as it seeks to recover from the individual defendant officers for the use of excessive force.

**3.    The intracorporate conspiracy claim as alleged by plaintiffs must fail on the basis of qualified immunity.**

The judges in this district are divided on the issue of the application of qualified immunity to a claim based on intracorporate conspiracy.  This Court has rejected application of immunity against §1983 conspiracy claims.  *Hall v. City of St. Louis*, 465 F. Supp. 3d 937 (E.D. Mo. 2020); compare *Street v. O'Toole*, No. 4:19 CV 2590 CDP, 2021 U.S. Dist. LEXIS 31856 (E.D. Mo. Feb. 22, 2021), with *Baude v. City of St. Louis*, 476 F. Supp. 3d 900, 916 (E.D. Mo. 2020).  If judges cannot agree about the state of the law, it is difficult to discern how police

---

[2] The *Street* opinion also gives the quietus to any implied claim of deliberately indifferent denial of medical care.  See ECF 106, ¶¶113ff.

officers are supposed to know that what they are doing is a constitutional violation. Cf. *Ashcroft v. al-Kidd,* 563 U.S. 731, 743 (2011)(noting the government officer not plainly incompetent when eight appellate judges agreed with his view of the law in a case of first impression).  The conspiracy claims must be dismissed on the basis of qualified immunity (federal) and official immunity (state).

**4.    The state law claims of abuse of process and malicious prosecution, at a minimum, should be dismissed.**

Defendants adhere to their position that plaintiff's state law claims should be dismissed. Certainly in light of *Street v. O'Toole,* supra, plaintiff's claims of abuse of process and malicious prosecution should not survive.

**5.    The Court should decline to exercise supplemental jurisdiction over plaintiff's novel City Charter theory.**

Again, defendants call the Court's attention to *Street v. O'Toole,* supra.   In that case, the Court analyzed the plaintiff's novel City Charter theory and declined to exercise supplemental jurisdiction:  "This Court is not the proper forum to litigate complex and unsettled questions of state law preemption over obscure municipal ordinances."  LEXIS *41.

Conclusion

For the foregoing reasons, the third amended complaint should be dismissed with prejudice (or without prejudice as to count XI).

Respectfully submitted,<br>
MICHAEL A. GARVIN<br>
CITY COUNSELOR<br>
/s/ Robert H. Dierker<br>
Robert H. Dierker 23671(MO)<br>
Deputy City Counselor<br>
dierkerr@stlouis-mo.gov<br>
Brandon Laird 65564(MO)

4

Abby Duncan 67766(MO)
Associate City Counselors
Adriano Martinez 69214(MO)
Catherine A. Dierker 70025(MO)
Assistant City Counselors
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-3361
Fax 314-622-4956

ATTORNEYS FOR DEFENDANTS